KAUTZ, Justice,
specially concurring.
[¶36] While I agree that Mr. Sen’s sentence is constitutional, I have concerns with the Court’s holding in Bear Cloud v. State, 2014 WY 113, ¶ 38, 334 P.3d 132, 145 (Wyo. 2014) (Bear Cloud III) and would revisit that decision. Contrary to the position of the majority, I agree with the State that Bear Cloud III goes too far. I do not find the constitutional principles from Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010) and Miller v. Alabama, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) apply to aggregate sentences for multiple convictions including a murder. In that circumstance it is not necessary or appropriate for this Court to determine whether the aggregate sentence constitutes a “de facto life sentence.” Further, even if this court attempts to define a “de facto” life sentence, I disagree with the analysis and the specific conclusion in Bear Cloud III. Continued reliance on Bear Cloud III as the framework for analyzing this case perpetuates the problems with that decision.
[¶37] Although I would revisit Bear Cloud III and do not believe it should be necessary to decide whether Mr. Sen’s sentence was de facto life without parole, I concur with the majority’s rejection of Mr. Sen’s argument that any sentence that requires that he serve more than twenty-five years before becoming parole eligible is the functional equivalent of a life sentence. While Wyo. Stat. Ann. § 6-10-301(c) (LexisNexis 2015) mandates that a juvenile offender become parole eligible after twenty-five years into serving a life sentence for first-degree murder, that statute does not prohibit the courts from sentencing juveniles to aggregate sentences for multiple crimes that result in parole eligibility more than twenty-five years after the date of sentencing. I also concur with the majority’s conclusion that Mr. Sen’s sentence does not constitute a de facto life without parole sentence. Whatever a sentence of de facto life without parole might be, the sentences imposed on Mr. Sen most certainly are not that. Furthermore, his sentences are not grossly disproportionate to the crimes he committed.